UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAXINE-JOHNISE D'ACQUISTO,

        Plaintiff,

        v.                                     Case No. 20-C-1034

OFFICER KATIA LOVE and
JANE AND JOHN DOES 1–5,

        Defendants.

## ORDER

Plaintiff Maxine-Johnise D'Acquisto, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983 alleging that her civil rights were violated while she was a pretrial detainee in Fond du Lac County Jail. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. A review of her motion shows that she is unemployed and disabled due to a forklift accident and unable to work. She lists only one source of income for the past twelve months, providing $608.00. For purposes of assessing her ability to pay the filing fee, the court finds Plaintiff indigent based on her motion. Accordingly, the court will grant Plaintiff's motion to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B);

*Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

Case 1:20-cv-01034-WCG   Filed 07/20/20   Page 2 of 6   Document 4

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges she was arrested in Fond du Lac, Wisconsin, on a misdemeanor warrant on or about January 31, 2017. After being arrested, Plaintiff was brought to Fond du Lac County Jail. She was booked and set to be transported to Winnebago County Jail. While she was being booked, Plaintiff advised Officer Katia Love and several unknown officers that she recently underwent surgery, was in pain, and had been prescribed pain medications. Plaintiff alleges that Officer Love and the other officers did not offer her anything for her pain, nor did they allow her to see a physician or nurse.

At some point later, Plaintiff states she told the officers that she could not move from the bed in her cell to the cell door because her pain was too great. Upon hearing this, Plaintiff says the officers "ridiculed her" and told her she was "withdrawing." Pl.'s Complaint at 3. The defendants retaliated when Plaintiff told them she was bringing a civil rights lawsuit "by entering her cell and removing all of her clothing" even though Plaintiff told the defendants she was menstruating. *Id*. According to Plaintiff, Officer Love repeatedly said "don't threaten me," "go ahead, sue us," and "you stink." *Id*. Plaintiff says she was humiliated, cold, unable to move, and left to cry.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff was a pretrial detainee at the time she alleges the defendants assaulted her by removing her clothing, implicating the Fourteenth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). A claim of excessive force brought by a pretrial detainee is reviewed to see if the use of force was objectively reasonable. *Id*. at 397. Plaintiff's allegations, if true, are sufficient to state a claim. The alleged removal of her clothing by the defendants was not objectively reasonable, nor did it serve any purpose other than to humiliate Plaintiff.

Plaintiff's allegations also raise a First Amendment claim of retaliation. A retaliation claim requires a plaintiff to allege that "(1) [s]he engaged in activity protected by the First Amendment; (2) [s]he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff alleges that the defendants assaulted her after she told them she was filing a lawsuit. This is sufficient to state a claim for retaliation.

Plaintiff has also stated a claim of deliberate indifference to her need for medical care which, because Plaintiff was a pretrial detainee, also arises under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 531 (1979). This claim is reviewed under an objective reasonableness standard. *See Miranda v. Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Plaintiff alleges she was denied a nurse or physician before defendants allegedly assaulted her, even though she reported she had recently undergone surgery and was in severe pain. At least at the screening stage, this is sufficient.

Plaintiff has not stated a claim for declaratory relief, however. Her request that the court declare Section 941.21(2) unconstitutional is not supported by any allegations that show she has any standing to seek such relief. Court's do not serve as roving commissions willing to offer

4

Case 1:20-cv-01034-WCG   Filed 07/20/20   Page 4 of 6   Document 4

advisory opinions on any issue a litigant wishes to raise. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff must allege facts showing she has suffered or is likely to suffer an injury in fact that the declaration she seeks would address. She has not done so here.

In sum, the court finds that Plaintiff may proceed on her claims for denial of medical care and excessive force arising under the Fourteenth Amendment, and her retaliation claim arising under the First Amendment against Officer Love. Her claim for declaratory relief is dismissed. With respect to the John and Jane Doe defendants, after the court enters the scheduling order and Officer Love files an answer, Plaintiff may make discovery requests (interrogatories or requests for documents) on the named defendant in an effort to identify the real name of Jane and John Does 1–5. Once she knows the real names of the Doe defendants, she should file a motion asking the court to substitute the real name for the Doe placeholders or seeking leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendant Love pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The court is not involved in the collection of the fee.

5

**IT IS FURTHER ORDERED** that the Defendant Love shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Fond du Lac County Jail, as well as to corporation counsel for the county of Fond Du Lac.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Plaintiff may make discovery requests (written questions or requests for documents) on the named defendant in an effort to identify the real name of John and Jane Doe defendants. Once she knows the real name of the Doe defendants, Plaintiff should file a motion asking the court to substitute the real name for the Doe placeholders. Again, Plaintiff should not serve any discovery request upon the named defendant until *after* the court enters a scheduling order.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 20th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge