UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

MAXINE-JOHNISE D'ACQUISTO,

    Plaintiff,

    v.                      Case No. 20-C-1034

OFFICER KEZIAH LOVE, and
JANE AND JOHN DOES 1–5,

    Defendants.

───────────────────────────────────────────────

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

───────────────────────────────────────────────

Plaintiff Maxine-Johnise D'Acquisto, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Officer Keziah Love (incorrectly identified in the complaint as Katia Love) and five unidentified defendants, all employees at the Fond du Lac County Jail, violated her civil rights while she was in custody as a pretrial detainee. D'Acquisto was permitted to proceed on her Fourteenth Amendment claims of excessive force and deliberate indifference and a First Amendment claim of retaliation. Currently before the court is Officer Love's motion to dismiss D'Acquisto's claims as time-barred. The motion will be denied.

The events giving rise to D'Acquisto's claims occurred on or about January 31, 2017, and she filed her action on July 9, 2020. Officer Love contends that the applicable statute of limitations is three years. Because D'Acquisto waited more than three years to file her action, Love contends it is barred. Officer Love is mistaken, however, because the statute of limitations at the time D'Acquisto filed her action was six years. The Wisconsin legislature shortened the statute of limitations to three years, but the effective date of the new statute was April 5, 2018. Because the

statute of limitations in effect at the time the claim arose controls, the six-year statute of limitation applies.

In assessing the timeliness of claims brought under 42 U.S.C. § 1983, federal courts look to analogous state actions to determine appropriate statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) ("We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims.") More specifically, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). Officer Love argues that Wis. Stat. § 893.54 bars claims for negligent personal injury at three years and alternatively, Wis. Stat. § 893.57 bars claims for intentional torts at two years. Officer Love looks to the wrong statutes. In Wisconsin, the state supreme court has firmly established that the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 519, 574 N.W.2d 656 (1998) ("[W]e hold that Wis. Stat. § 893.53, providing a six-year statute of limitations, is Wisconsin's general and residual personal injury statute of limitations. Therefore, it is applicable to claims brought under 42 U.S.C. § 1983.").

In 2018, the Wisconsin legislature changed the statute of limitations under § 893.53 from six years to three, but this case is still subject to the six-year limit because the events in question occurred in 2017, prior to the enactment of the change. *See Gutter v. Seamandel,* 103 Wis. 2d 1, 18, 308 N.W.2d 403 (1981) ("This court has previously held that in the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect and in the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute, this

court would not apply the new statute of limitations to causes of action accruing prior to the effective date of the statute." (citing *Hunter v. Sch. Dist. Gale-Ettrick-Trempealeau*, 97 Wis. 2d 435, 445, 293 N.W.2d 515 (1980))). Because nothing in the language of the amended version of § 893.53 suggests that it was to apply retroactively, the old six-year statute of limitations applies.

Plaintiff D'Acquisto has stated a claim for relief and her claim is not time-barred under the applicable statute of limitations. Therefore, Defendant Love's motion to dismiss (Dkt. No. 7) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
